TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00233-CR







Larry Phillips, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. D-1-DC-06-200770, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Larry Phillips guilty of third-offense felony theft, for which
it assessed a term of twenty-one months in state jail and a $1,500 fine. See Tex. Penal Code Ann.
§ 31.03(a), (e)(4)(D) (West Supp. 2006). In a single point of error, appellant contends that the
district court did not have jurisdiction because the indictment did not allege a felony offense. There
is no merit to this contention.

A person commits a state jail felony if he steals property worth $1,500 or more or if
he steals property worth less than $1,500 and has at least two previous theft offenses. Id.
§ 31.03(e)(4)(A), (D). The indictment in this cause alleged that appellant stole a wristwatch having
a value of less than $50 and that he had the requisite previous theft convictions. Appellant's
argument, first advanced in a motion to quash the indictment, is that because the stolen watch was
alleged to be worth less than $50, the indictment alleged only a misdemeanor. See id.
§ 31.03(e)(1)(A).

When presented with this argument at the hearing on the motion to quash, the district
court replied, "[B]y saying the value of the property was $50 or less, they are saying that it is less
than 1,500 right?" The court added, "I mean, when they say 50 or less, I can take judicial knowledge
of the fact that that is less than 1,500, right?" The court concluded, "[I]t does seem to me they are
alleging that it is less than 1,500. And then that coupled with the two prior theft allegations--theft
convictions I think does raise that up to a state jail felony."

We agree with the trial court's analysis. By alleging that the stolen property was
worth less than $50, the indictment necessarily alleged that the stolen property was worth less than
$1,500. With the further allegation of two previous theft convictions, the indictment adequately
alleged third-offense felony theft under section 31.03(e)(4)(D). The point of error is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: March 13, 2007

Do Not Publish